IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS R. MILLER, | : |
| Petitioner, | : |
| v. | : Civ. A. No. 19-863-CFC |
| STATE OF DELWARE, and, ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## **MEMORANDUM**

### I. BACKGROUND

In 1994, a Delaware Superior Court jury convicted Petitioner Thomas R. Miller ("Petitioner") of unlawful first degree sexual intercourse and second degree burglary. *See Miller v. Snyder*, 2001 WL 173796, at *2 (D. Del. Feb. 14, 2001). He was sentenced to life imprisonment plus eight additional years. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See Miller v. State*, 3 A.3d 1098 (Table), 2009 WL 418238, at *1 (Del. Feb. 18, 2009).

Thereafter, Petitioner filed numerous unsuccessful postconviction motions and petitions in the Delaware state courts. *See Miller v. State*, 189 A.3d 185 (Table), 2018 WL 3006123, at *1 (Del. June 14, 2018). Petitioner also filed several unsuccessful federal habeas challenges. For instance, in 2001, the Honorable Gregory M. Sleet denied Petitioner's first habeas petition after concluding that six of the claims were procedurally barred and three claims were meritless. *See Miller*, 2001 WL 173796, at

*2-*11.[1] In 2008, Petitioner challenged the same 1994 conviction in another habeas petition, which Judge Sleet denied for lack of jurisdiction because it constituted an unauthorized second or successive habeas petition. *See Miller v. State*, C.A. No. 08-137-GMS, Order (D. Del. Sept. 25, 2008). Petitioner also filed three applications in the Third Circuit requesting permission to file second or successive habeas petitions, which the Third Circuit denied for failing to satisfy the requirements of 28 U.S.C. § 2244(b)(2). *See In re: Thomas Miller*, C.A. 10-3790, Order (3rd Cir. Nov. 23, 2010); *In re. Thomas R. Miller*, C.A. 09-1791, Order (3rd Cir. June 12, 2009); *In Re: Miller*, C.A. 03-2195, Order (3rd Cir. June 10, 2003).

Presently pending before the Court is Petitioner's newest § 2254 Petition challenging his 1994 conviction. (D.I. 3) The Petition asserts four ineffective assistance of counsel claims complaining about trial counsel's alleged deficiencies during Petitioner's criminal proceeding in 1994,[2] and a claim alleging his actual innocence. (D.I. 3; D.I. 4),

## II. LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "created a statutory 'gatekeeping mechanism' for second or successive habeas petitions." *In re Hoffner*, 870 F.3d 301, 306 (3d Cir. 2017). Pursuant to 28 U.S.C. § 2244(b)(3)(A), a

---

[1] In January 2020, this Court denied Petitioner's Rule 60(b) Motion to Reconsider the 2001 denial of his first habeas petition. *See Miller v. Metzger*, Civ. Act. No. 96-187-CFC, Order (D. Del. Jan. 2020).

[2] Although the form Petition actually indicates that Claims Two, Three, and Four involve the alleged deficiencies of post-conviction counsel, the arguments in the Memorandum clearly concern the assistance provided by trial counsel.

petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. §2254. Notably, a petition for habeas relief is not considered to be "second or successive simply because it follows an earlier federal petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff*, 404 F.3d at 817; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III. DISCUSSION

The record reveals that Petitioner's first petition was adjudicated on the merits, the instant Petition challenges the same 1994 convictions that were challenged in his first petition, and the instant Petition also asserts claims that could have been asserted in Petitioner's first petition. *See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005); *Benchoff*, 404 F.3d at 817-18. Therefore, the Court concludes that the instant Petition constitutes a second or successive habeas petition under 28 U.S.C. § 2244.

Since Petitioner did not obtain the requisite authorization from the Third Circuit Court of Appeals to file this successive habeas request,[3] the Court lacks jurisdiction to consider the Petition. See Rule 4, 28 U.S.C. foll. § 2254; Robinson, 313 F.3d at 139. In addition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Given all of these circumstances, the Court will dismiss the Petition for lack of jurisdiction.

IV. CONCLUSION

Having concluded that the instant Petition is actually an unauthorized second or successive request for habeas relief, the Court will summarily dismiss the Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: March 9, 2020

_____
UNITED STATES DISTRICT JUDGE

---

[3] See 28 U.S.C. §§ 2244(b)(3); Rule 9, 28 U.S.C. foll. § 2254.